UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



06 CV 6588

---

BERNARD SINGLETON,
    Plaintiff,

v.

ATTORNEY GENERAL OF THE
UNITES STATES DEPARTMENT OF
JUSTICE, ALBERTO R. GONZALEZ,
    Defendant

---

Complaint
Jury Trial Requested

RECEIVED
SEP X 1 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, BERNARD SINGLETON, (hereinafter "Plaintiff"), by his undersigned counsel, Kenneth W. Richardson, Esq., for his Complaint allege, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of race, sex and age in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102~166), the Age Discrimination in Employment Act and retaliation.

### JURISDICTION AND VENUE

2. Plaintiff has complied fully with all prerequisites to

jurisdiction in this Court under Title VII pursuant to the Right to Appeal notice dated June 5, 2006 as attached, and received by plaintiff on or about June 9, 2006. Jurisdiction of this court is proper under Title VII 28 U.S.C. Sec..1331 and 1343.

3. As the unlawful employment practices complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to Title VII, 42 U.S.C. Sec.2000e-5(f)(3).

## THE PARTIES

4. At all times relevant herein, Plaintiff, an African-American male over the age of 40, was an individual residing and working in the City and State of New York for an agency or department of the United States of America, namely, the U.S. Justice Department Federal Bureau of Prisons.

## Facts

5. Mr. Bernard Singleton is now a retired former employee of the U.S. Department of Justice, Bureau of Prisons.

6. At the time of his retirement Mr. Singleton held the position of Warehouse Supervisor at the Metropolitan Correctional Center in Manhattan. He started his career for the Bureau of Prisons in 1985.

7. In 2003 and twice in 2004 Mr. Singleton applied for the position of Trust Fund Supervisor.

8. The first two times that Mr. Singleton put in for the position, it went unfilled.

9. The final time the open position for Trust Fund Supervisor,

which was at the Brooklyn Metropolitan Detention Center was consolidated into that same position at that Metropolitan Correctional Center in Manhattan.

10..  The Manhattan Center already had a Trust Fund Supervisor, Ms. Lissette Ortiz-Garcia. The Brooklyn Trust Fund Supervisor position no longer existed once it became consolidated under Ms. Ortiz-Garcia.

11.  Mr. Singleton claims that he was discriminated against on the basis of race, sex and age because he has better credentials than Ms. Ortiz-Garcia and further that he has been discriminated against by the practice of defendant in failing to make a selection for past openings for Trust Fund Supervisor for the purpose of preventing the position from being filled by an African-American.

12..  Mr. Singleton also claims retaliation for engaging in past protected activity when he complained about discrimination.

## FIRST CLAIM FOR RELIEF

13.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

14.  Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote because of his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.§ 621 et seq.

15.  Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

17. Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote because of his race in violation of Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102~166).

18. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## THIRD CLAIM FOR RELIEF

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

20. Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote because of his gender in violation of Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102~166).

21. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory

practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

### FOURTH CLAIM FOR RELIEF

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

23. Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote in retaliation for complaining about age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.§ 621 et seq.

24. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

### FIFTH CLAIM FOR RELIEF

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

26. Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote plaintiff in retaliation for complaining about race discrimination in violation of Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972, 1978 and by the Civil Rights Act of 1991,

Pub. L. No. 102~166).

27. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

### SIXTH CLAIM FOR RELIEF

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" as if fully set forth herein.

29. Defendants discriminated against plaintiff with respect to the terms and conditions of employment and failed to promote plaintiff in retaliation for complaining about gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972,1978 and by the Civil Rights Act of 1991, Pub. L. No. 102~166).

30. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a) declaring that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.§ 621 et seq. and Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended 1972,1978 and by the Civil Rights Act of 1991, Pub. L. No. 102~166).

b) enjoining and permanently restraining these violations;

c) directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated;

d) directing Defendants to pay Plaintiff compensatory damages, and damages for his mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to the Plaintiff;

e) awarding Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

f) awarding Plaintiff punitive damages against Defendant;

g) retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

h) granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
August 31, 2006

_Kenneth W. Richardson_
Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 1100
New York, New York 10007
(212) 962-4277