MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2726
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BERNARD SINGLETON,                                          :
                                                            :
                          Plaintiff,                        :   06 Civ. 6588 (GEL) (DFE)
                                                            :
        -against-                                           :   ECF CASE
                                                            :
MICHAEL B. MUKASEY, Attorney General of                     :   DEFENDANT'S STATEMENT OF
the United States Department of Justice,                    :   UNDISPUTED MATERIAL FACTS
                                                            :   PURSUANT TO LOCAL CIVIL
                          Defendant.                        :   RULE 56.1
                                                            :
------------------------------------------------------------ x

Pursuant to Civil Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, defendant Michael B. Mukasey, Attorney General of the United States, by and through its attorney, Michael J. Garcia, states that there is no genuine issue to be tried with respect to the following material facts:

1.  Plaintiff, Bernard Singleton, is an African American man who was hired by the Federal Bureau of Prisons ("BOP") to work at the Federal Correctional Institution in Otisville, New York ("FCI Otisville") in 1985. *See* Declaration of Daniel Filor dated November 29, 2007 ("Filor Decl.") Exh. A, Complaint ("Compl.") ¶ 4; Filor Decl. Exh. B, Transcript of August 14, 2007 Deposition of Bernard Singleton ("Singleton Depo. Tr.") at 16.

2. Plaintiff was born on August 6, 1953, and retired from the BOP in 2006 at age 52.  *See* Singleton Depo. Tr. at 7-8.

3. Prior to the instant litigation, plaintiff filed a lawsuit in the United States District Court for the Eastern District of New York alleging that he was discriminated against when he did not receive prior promotions by the BOP.  *See* Filor Decl. Exh. C, *Singleton v. Federal Bureau of Prisons*, Case No. 04 CV 1526, 2006 WL 1329712, at *1, *4 (E.D.N.Y. May 16, 2006).  The court granted summary judgment to defendant dismissing all of plaintiff's claims in that action because, even if plaintiff were to be able to establish a *prima facie* case of discrimination or retaliation, defendant proffered legitimate, non-discriminatory reasons for its actions, which plaintiff failed to demonstrate were pretextual.  *See id.* at *9-*10.

4. On or about August 6, 2003, the Northeast Regional Office of the BOP advertised the position of Trust Fund Supervisor, also known as Support Services Supervisor or Inmate Services Supervisor, at the Metropolitan Detention Center in Brooklyn, New York ("MDC") under vacancy number 02-NERO-077.  *See* Declaration of Margaret Connors dated November 29, 2007 ("Connors Decl.") ¶ 3; Connors Decl. Exh. A.  ¶ 6.  As advertised, applications would be accepted for the position between August 6, 2003 and August 27, 2003.  *See id.*

5. The 02-NERO-077 position's "promotion potential" was to a "GS-12" grade level, which meant applicants could only qualify for promotion to the position if they were already at a salary grade level that could be promoted to a GS-12.  *See id.*; Connors Decl. ¶ 3; Declaration of Michael Zenk dated November 29, 2007 ("Zenk Decl.") ¶ 5.

6. Plaintiff applied for the 02-NERO-077 position on or about August 18, 2003. *See* Connors Decl. ¶ 6; Connors Decl. Exh. B.

7. Because plaintiff was at a WS-6 grade level at the time he applied for the 02-NERO-077 announcement, he would not have been considered a qualified applicant for the original GS-12 requirement of the 02-NERO-077 posting. *See* Connors Decl. ¶¶ 5, 8.

8. The 02-NERO-077 position was not filled by the BOP. *See* Connors Decl. ¶ 7.

9. MDC Warden Michael Zenk and Regional Employee Services Administrator Margaret Connors believed the GS-12 promotion potential would prevent enough qualified applicants from applying to the 02-NERO-077 position, they decided that the applicant pool should be expanded to include applicants who were eligible for a GS-11 grade position, in addition to those applicants who could qualify at the GS-12 grade level. *See* Connors Decl. ¶ 7; Zenk Decl. ¶ 7.

10. By expanding the applicant pool to include promotion potential to the GS-11 grade level, plaintiff became eligible for the Trust Fund Supervisor position. *See* Connors Decl. ¶ 8.

11. Based on Warden Zenk's and Ms. Connor's decision to expand the applicant pool, later in August 2003, the Northeast Regional Office of the BOP advertised the amended position of Trust Fund Supervisor at the MDC under vacancy number 03-NERO-077A. The advertised position was the same as the 02-NERO-077 announcement and entailed the same duties. *See* Connors Decl. ¶ 9; Connors Decl. Exh. C; Zenk Decl. ¶ 8.

12.     A BOP Promotion Board was convened on October 7, 2003, to evaluate applicants and create a "Best Qualified" list from which an applicant would be selected to fill the 03-NERO-077A position.  The Promotion Board identified five applicants, including plaintiff, to be among the "Best Qualified" for the position.  *See* Connors Decl. ¶ 10; Connors Decl. Exh. D.  Besides plaintiff, the other applicants on the Best Qualified list included Edward Shea, a white man born in 1968; Eric Gibson, a black man born in 1965; Phyllis McBride, a black woman born in 1957; and Yemisi Oladunmoye, a black man born in 1955.  *See id*.

13.     The Promotion Board's certification of the Best Qualified list on October 7, 2003, was in effect for ninety days (i.e., until January 5, 2004), for consideration by the Northeast Regional Director, the selecting official for the position.  *See id*.

14.     At the same time that the Promotion Certificate of a Best Qualified List was pending, in the fall of 2003, there was concern within the BOP that prisons were employing too many supervisors as compared to line staff (*i.e.*, the employees with direct contact with prisoners).  *See* Connors Decl. ¶ 11.  Thus, during this time period, the Northeast Region's Financial Management Division had undertaken an initiative to evaluate the number of supervisory positions within their organizational structure at each facility.  *See* Connors Decl. ¶ 11; Zenk Decl. ¶ 9.

15.     In accordance with the BOP's initiative, soon after the time of the 03-NERO-077A announcement, MDC Warden Zenk examined the supervisory positions at the MDC, and was concerned that the existing staffing pattern at might be considered "top-heavy" in terms of the number of supervisors.  *See* Zenk Decl. ¶ 10.  The MDC already had several supervisory employees in similar or related areas, including an

4

Assistant Trust Fund Supervisor, a Warehouse Supervisor, and a Commissary Supervisor. *See id.* Further, it is rare for an institution to have a Trust Fund Supervisor in addition to an Assistant Trust Fund Supervisor. *See id.*

16. Also at the same time the Promotion Certificate was nearing expiration, the Northeast Region was in the midst of hiring a new Regional Director, who is the person who selects a candidate from the Best Qualified List for supervisory vacancies such as Trust Fund Supervisor. *See* Connors Decl. ¶ 12. The outgoing Regional Director, Mickey Ray, was preparing to retire on January 2, 2004. The new Regional Director, D. Scott Dodrill, was selected in November 2003, and did not report to Philadelphia to begin working as Regional Director until February 4, 2004. *See id.*; Declaration of D. Scott Dodrill dated November 29, 2007 ("Dodrill Decl.") ¶ 2.

17. As a result, the 03-NERO-077A position's Promotion Certificate was scheduled to expire before the new Regional Director was to begin serving in the position. *See* Connors Decl. ¶ 12. This sequence of events effectively would prevent the new Regional Director from making a determination either to select a candidate for the position from the Best Qualified List, or to eliminate the new position if he believed there were already too many supervisors in the Financial Management Division at the MDC. *See id.*

18. Warden Zenk, in consultation with Ms. Connors, decided that it was not necessary to fill the 03-NERO-077A position at that time. *See* Zenk Decl. ¶ 10; Connors Decl. ¶ 13.

19.     Warden Zenk was not aware that plaintiff had engaged in any prior EEO activity at the time he decided not to fill the 03-NERO-077A position.  *See* Zenk Decl. ¶ 4.

20.     During the summer of 2003, Mr. Yemisi Oladunmoye, a black man who had been the Assistant Trust Fund Supervisor at the MDC and fulfilling the duties of Trust Fund Supervisor, had been given a temporary, non-competitive promotion to be acting Trust Fund Supervisor at the MDC.  See Zenk Decl. ¶ 11; Connors Decl. ¶ 14.  He was fulfilling the responsibilities of MDC Trust Fund Supervisor both before and after the announcements of the 02-NERO-077 and 03-NERO-077A positions.  *See id.*  Pursuant to federal personnel regulations, such a temporary promotion cannot exceed 120 days.  *See id.*

21.     On January 15, 2004, after Mr. Oladunmoye's temporary appointment had expired, the Northeast Region of the BOP advertised the position of GS-342-11/12 Support Services Supervisor (or Trust Fund Supervisor) at MDC Brooklyn under vacancy number 04-NERO-005.  *See* Connors Decl. ¶ 15; Connors Decl. Exh. E; Zenk Decl. ¶ 12.  Like the 02-NERO-077 and 03-NERO-077A announcements, the advertised position entailed managing the inmate services of the MDC.  *See* Connors Decl. Exh. E.

22.     Plaintiff was not required to submit a new application for the 04-NERO-005 position because the BOP notified applicants who had applied to the earlier position, 03-NERO-077A, that they did not need to reapply, and their applications would be considered for the new position.  *See* Connors Decl. ¶ 16.

23.     A Promotion Board was convened for the 04-NERO-005 position on April 28, 2004.  *See* Connors Decl. ¶ 17; Connors Decl. Exh. F.  For its Best Qualified List, the

6

Board selected four of the five applicants that had appeared on the Best Qualified List for the previous vacancy: Mr. Singleton, Mr. Shea, Ms. McBride, and Mr. Oladunmoye. *See id.* Plaintiff's score on the Best Qualified list was 59 points, which was the lowest score of the four applicants. *See* Connors Decl. Exh. F. The other applicants' scores were as follows: Yemisi Oladunmoye, a black man born in 1955, scored 67 points; Edward Shea, a white man born in 1968, scored 61 points; and Phyllis McBride, a black woman born in 1957, scored 67 points. *See id.*; Singleton Depo.Tr. at 153.

24.     The Promotion Board's Best Qualified list was in effect for ninety days, until July 27, 2004. *See* Connors Decl. ¶ 17; Connors Decl. Exh. F.

25.     During the same time period that the 04-NERO-005 position was announced and the Promotion Board's certification of a Best Qualified list was active, the BOP was putting in place an initiative mandating further reductions in supervisory staff. *See* Connors Decl. ¶ 18. Part of this reduction included consolidating supervisory positions at institutions in close geographic proximity. *See id.*

26.     Because the MCC and MDC are only a few miles apart, MCC Warden Morrison and MDC Warden Zenk were required to consolidate departments where they determined that one supervisor could assume the responsibilities over both institutions. *See* Zenk Decl. ¶¶ 13-14; Declaration of Marvin Morrison dated November 28, 2007 ("Morrison Decl.") ¶¶ 3-4.

27.     Wardens Zenk and Morrison recommended the supervisory positions be consolidated across the two facilities for the positions of Safety Manager, Volunteer Coordinator, and Trust Fund Supervisor. *See* Zenk Decl. ¶ 14; Morrison Decl. ¶ 4; Connors Decl. ¶ 22. As a result, those three positions were consolidated and the

incumbent supervisor that existed at one of the two facilities took the additional responsibility over the other facility. *See* Zenk Decl. ¶ 15; Morrison Decl. ¶ 5; Connors Decl. ¶ 23.

28. Due to the consolidation, a black man named Andrew Butler, who had been the Safety Manager at the MDC, became the Safety Manager over both facilities. *See* Zenk Decl. ¶ 16; Morrison Decl. ¶ 6; Connors Decl. ¶ 24.

29. Due to the consolidation, a black woman named Linda Draughn, who had been the Volunteer Coordinator at the MDC, became the Volunteer Coordinator over both facilities. *See* Zenk Decl. ¶ 17; Morrison Decl. ¶ 7; Connors Decl. ¶ 25.

30. Due to the consolidation, Lisette Ortiz-Garcia, a Hispanic woman who had previously been the Trust Fund Supervisor at the MCC was made the head of the consolidated department. *See* Zenk Decl. ¶ 18; Morrison Decl. ¶ 8; Connors Decl. ¶ 26.

31. Ms. Ortiz-Garcia was not promoted when she took on the additional responsibilities over MDC. *See id.*

32. Ms. Ortiz-Garcia had previously been a GS-12 grade and she continued in the same grade GS-12 after the consolidation. *See* Connors Decl. ¶ 26.

33. Requiring Ms. Ortiz-Garcia to be responsible for the Trust Fund Supervisor duties at the MDC, in addition to her prior duties as Trust Fund Supervisor at MCC New York, was not a promotion and did not require a selecting process or a selecting official. *See id.* at ¶ 27.

34. The BOP informed plaintiff of its decision not to award him the MDC Trust Fund Supervisor position in a letter dated July 13th, 2004. *See id.* at ¶ 28; Connors Decl. Exh. J.

35. Plaintiff did not contact an EEO counselor to complain of alleged discrimination by the BOP for its failure to promote plaintiff until October 5, 2004. *See* Singleton Depo. Tr. at 98-101, 104-05; Connors Decl. ¶ 29; Connors Decl. Exh. K.

36. On November 1, 2004, plaintiff filed an EEO complaint alleging discrimination on the basis of race, sex and age, and alleging reprisal for his previous EEO complaints. *See* Connors Decl. ¶ 30; Connors Decl. Exh. K.

Dated: New York, New York
       November 30, 2007

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for Defendant

By:    __/s/ Daniel P. Filor_____
        DANIEL P. FILOR
        Assistant United States Attorney
        Telephone: 212-637-2726
        Facsimile:  212-637-2717