# MANDATE

08-3746-cv
Singleton v. Holder

SDNY   06-cv-06588-GEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 02, 2010

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*



------------------------------------------------

Bernard Singleton,

> *Plaintiff-Appellant,*

> v.                                    08-3746-cv

Attorney General Eric H. Holder, Jr.,*
United States Department of Justice,

> *Defendant-Appellee.*

------------------------------------------------

------------------

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted for Michael B. Mukasey as Defendant in this case.

FOR APPELLANT:          Bernard Singleton, Newport News, VA

FOR APPELLEE:          Lev L. Dassin, Acting United States
Attorney, Southern District of New
York, Daniel P. Filor and Sarah S.
Normand, Assistant United States
Attorneys, of counsel, New York,
N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lynch, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bernard Singleton, *pro se*, appeals the grant of summary judgment dismissing his claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues

of material fact, we are "required to resolve all
ambiguities and draw all permissible factual inferences in
favor of the party against whom summary judgment is sought."
*Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)
(internal quotation marks omitted).  However, "conclusory
statements or mere allegations [are] not sufficient to
defeat a summary judgment motion."  *Davis v. State of New
York*, 316 F.3d 93, 100 (2d Cir. 2002).

Here, an independent review of the record and relevant
case law reveals that the district court properly granted
the Government's motion for summary judgment.  We affirm the
district court judgment for substantially the same reasons
stated by the district court in its thorough and well-
reasoned opinion and order.

We have considered Singleton's remaining arguments and
find them to be without merit.

For the foregoing reasons, the judgment of the district
court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3